**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Criminal Action No. 99-62-1-JJF |
| v. | : | Civil Case No. 04-261-JJF |
| | : | |
| KAMORU SALAWU, | : | |
| | : | |
| Defendant. | : | |

**RESPONSE OF UNITED STATES TO DEFENDANT'S MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

In his petition, the sole issue the defendant raises is the validity of the sentencing enhancements he received. For the reasons set forth below, the defendant's petition should be denied because the new rule set forth in the Booker decision is not applicable to the defendant whose conviction was final before that case was decided.

**FACTS**

On May 6, 2002, this Court sentenced the defendant to 41 months imprisonment and ordered him to pay $236,555.98 in restitution for his leadership role in a bank fraud. The defendant filed a timely notice of appeal on May 24, 2002. The Third Circuit denied the appeal on May 16, 2003. (D.I. 61) The defendant timely filed his petition pursuant to 28 U.S.C. § 2255 on April 22, 2004. (D.I. 62). This is the response by the United States to that petition.[1]

---

[1] In January, 2005, the defendant was released from federal custody into the custody of the Arlington County Sheriff's Office in Virginia. However, the defendant, who is subject to a term of supervised release, remains in custody for purposes of a Section 2255 petition throughout the period of parole or supervised release. Spencer v. Kemna, 523 U.S. 1, 118 S.Ct. 978, 983 (1998); Jones v. Cunningham, supra, 371 U.S. at 243; United States v. Essig, 10 F.3d 968, 970 n.3 (3d Cir. 1992); Swanger v. Zimmerman, 750 F.2d 291, 293 n. 1 (3d Cir. 1984).

# ARGUMENT

**THE DEFENDANT CANNOT RAISE A CLAIM UNDER BOOKER BECAUSE THAT NEW RULE IS NOT APPLICABLE TO DEFENDANTS WHOSE CONVICTIONS WERE FINAL BEFORE BOOKER WAS DECIDED.**

In his section 2255 motion, the defendant is arguing that his sentencing under the United States Sentencing Guidelines violated the Sixth Amendment. Therefore, although it is not titled as such, his petition is really a claim under United States v. Booker, 125 S. Ct. 738 (2005). This claim should be denied, because Booker is not applicable to defendants whose convictions became final before Booker was decided.

    **A.    The Defendant Must Show that Booker Is Retroactively Applicable to Cases on Collateral Review.**

The defendant must show that Booker should be made retroactively applicable to cases on collateral review, because his judgment became final before Booker was decided. *See, e.g.,* United States v. Jenkins, 333 F.3d 151 (3d Cir.), *cert. denied*, 540 U.S. 932 (2003). "As to convictions that are already final," a decision of the Supreme Court which announces a new rule "applies only in limited circumstances." Schriro v. Summerlin, 124 S. Ct. 2519, 2522 (2004) (hereinafter "Summerlin"). Under the Supreme Court's analysis in Teague v. Lane, 489 U.S. 288 (1989), "a new rule of criminal procedure does not apply retroactively to cases that have become final before the new rule is announced," with rare exception. Swinton, 333 F.3d at 487, *citing* Teague, 489 U.S. at 309-10 (plurality opinion).[2] Retroactive application is not allowed "because of the interest in finality of judgments in the criminal justice system," id., and because, unlike changes in substantive law, procedural changes "merely raise the [speculative] possibility

---

[2] Although Teague was a plurality opinion, it has since been adopted by the Supreme Court. *E.g.*, Beard v. Banks, 124 S. Ct. 2504, 2508-10 (2004); Penry v. Lynaugh, 492 U.S. 302, 313 (1989).

that someone convicted with use of the invalidated procedure might have been acquitted otherwise," Summerlin, 124 S. Ct. at 2523. Accordingly, the defendant must show under Teague whether Booker applies to cases on collateral review. *See* Caspari v. Bohlen, 510 U.S. 383, 389 (1994) (if "the defendant seeks the benefit of a new rule of constitutional law, the court must apply Teague before considering the merits of the claim").

    **B.**  **Booker Is Not Retroactively Applicable to Cases on Collateral Review.**

The defendant cannot satisfy his burden because Booker is not retroactively applicable to cases on collateral review where, as here, the judgment was final before Booker was decided. That is clear from the Supreme Court's decision in Schriro v. Summerlin, 124 S. Ct. 2519, 2522 (2004) (hereinafter "Summerlin"), and the Third Circuit's decisions in United States v. Swinton, 333 F.3d 481 (3d Cir. 2003) and United States v. Jenkins, 333 F.3d 151 (3d Cir.), *cert. denied*, 540 U.S. 932 (2003).

Indeed, every court to have decided the issue has concluded that Booker is not retroactively applicable on collateral review. United States v. Frazier, No. 04-2692 (3d Cir. filed April 26, 2005) (unpublished) (a copy of this non-precedential order is attached for the Court's convenience); Varela v. United States, 400 F.3d 864 (11th Cir. 2005); Humphress v. United States, 398 F.3d 855 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005); United States v. Mitchell, 2005 WL 387974 (2d Cir. 2005) (unpublished); United States v. Tisdale, 2005 WL 737588 (10th Cir. 2005) (unpublished).[3] Indeed, the Booker Court

---

[3] *Accord, e.g.*, Armstrong v. United States, 2005 WL 724121, *4-6 & n.7 (E.D. Pa. 2005) (citing cases); United States v. Wenzel, __ F. Supp.2d __, 2005 WL 579064, *8-12 (W.D. Pa. 2005); United States v. Aitkens, __ F. Supp.2d __, 2005 WL 433440 (E.D. Pa. 2005); United States v. Russell, 2005 WL 281183 (E.D. Pa. 2005); United States v. Mathis, 2005 WL 692082, *14-15 (D.D.C. 2005); Cox v. United States, __ F. Supp.2d __, 2005 WL 677791, *4 n.17 (D. Md. 2005); LaPointe

suggested as much when it "went out of its way"[4] to state that its holdings had to be applied "to all cases on direct review," 125 S. Ct. at 769.

## CONCLUSION

Wherefore, for all the foregoing reasons, the defendant's petition pursuant to 28 U.S.C. § 2255 should be denied.

                              Respectfully submitted,

                              COLM F. CONNOLLY
                              United States Attorney

                              By: _____/s/_____
                              Beth Moskow-Schnoll
                              Assistant United States Attorney

Dated: May 26, 2005

---

v. United States, 2005 WL 670742 (W.D. Mo. 2005); United States v. Shevi, 2005 WL 661558 (D. Minn. 2005); United States v. Romero-Lopez, 2005 WL 615751, *4 (D.R.I. 2005); Muniz v. United States, __ F. Supp.2d __, 2005 WL 589396, *6 (S.D.N.Y. 2005); United States v. Lewis, 2005 WL 466214 (D. Kan. 2005); Braxton v. United States, __ F. Supp.2d __, 2005 WL 433635, *3 (W.D. Va. 2005); Hamdani v. United States, 2005 WL 419727 (E.D.N.Y. 2005); Frost v. United States, 2005 WL 331470 (D.N.H. 2005); Rucker v. United States, 2005 WL 331336 (D. Utah 2005); Tuttamore v. United States, 2005 WL 234368 (N.D. Ohio 2005); Minicone v. United States, 353 F. Supp.2d 316 (N.D.N.Y. 2005); King v. Jeter, 2005 WL 195446 (N.D. Tex. 2005); United States v. Johnson, 353 F. Supp.2d 656 (E.D. Va. 2005); Warren v. United States, 2005 WL 165385, *10 (D. Conn. 2005); Gerrish v. United

[4] Hamlin v. United States, 2005 WL 102959, *1 (U.S.M.J.), *adopted* 2005 WL 189731 (D. Me. 2005).

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 99-62-1-JJF |
| | : | Civil Case No. 04-261-JJF |
| KAMORU SALAWU, | : | |
| Defendant. | : | |

## **CERTIFICATE OF SERVICE**

I, Beth Moskow-Schnoll, Assistant United States Attorney for the District of Delaware, hereby certify that on May 26, 2005, I caused the mailing of two copies of the foregoing document:

RESPONSE OF UNITED STATES TO DEFENDANT'S MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. § 2255

TO:  Kamoru Salawu
     Arlington County Adult Detention Facility
     1435 N. Courthouse Road
     Arlington, VA 22201

                                                  /s/
                                        Beth Moskow-Schnoll
                                        Assistant United States Attorney