IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,          :
                                   :
          Plaintiff,               :
                                   :
          v.                       :   Crim. Action No. 99-62-1-JJF
                                   :   Civil Action No. 04-261-JJF
KAMORU SALAWU,                     :
                                   :
          Defendant.               :
                                   :

_____

Colm F. Connolly, Esquire, United States Attorney, Beth Moskow
Schnoll, Esquire, Assistant United States Attorney of the UNITED
STATES DEPARTMENT OF JUSTICE, Wilmington, Delaware.
Attorney for Plaintiff.

Kamoru Salawu, Pro Se Defendant.

_____

**MEMORANDUM OPINION**

June 17, 2005
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody (D.I. 62) filed by Defendant. In addition, Defendant has filed a Motion To Recall The Mandate (D.I. 68-1) And For A Request To Withdraw Motion Under 28 U.S.C. § 2255, In Light Of Blakely, (D.I. 68-2) And Or, In The Alternative, Motion For Bail Pending Resolution Of This Case (D.I. 68-3), and a Motion For Bail (D.I. 70-1)/Stay Of The Petitioner's Deportation, Or Release Pending Appeals Court Decisions On Recall Of Mandate (D.I. 70-2). The Court ordered the Government to respond to the Section 2255 Motion, as well as Defendant's other Motions. The Government filed a response to Defendant's Section 2255 Motion, but did not address any of the other Motions filed by Defendant. For the reasons discussed, the Court will deny Defendant's Section 2255 Motion. As for Defendant's remaining motions, the Court will deny Defendant's motion to recall the mandate and deny as moot his motions for bail, without further response from the Government, because it is apparent to the Court at this juncture that relief is not warranted. However, the Court does not have any information regarding the status of Defendant insofar as deportation is concerned and therefore, the Court will require the Government to file a response to Defendant's Motion For Stay Of Deportation within ten (10) days of the Court's Order

1

accompanying this Memorandum Opinion.

## BACKGROUND

On May 6, 2002, the Court sentenced Defendant to 41 months imprisonment and ordered him to pay $236,555.98 in restitution in connection with his conviction for bank fraud in violation of 18 U.S.C. § 1344.  The Third Circuit denied Defendant's appeal on May 16, 2003.  Thereafter, Defendant timely filed the instant Section 2255.  The Court granted the Government's Motion For Enlargement of Time to respond to Defendant's Section 2255 Motion until the Supreme Court's resolution of United States v. Booker, 125 S. Ct. 738 (2005).  Once Booker was decided, the Court ordered the Government to file a response to Defendant's Section 2255 and other pending motions, and a response was timely filed.

## DISCUSSION

I.   **Defendant's Motion To Recall The Mandate And For A Request To Withdraw Motion Under 28 U.S.C. § 2255, In Light Of Blakely**

By his Motion, Defendant requests the Court to recall the mandate issued by the Third Circuit in this case and withdraw his motion under 28 U.S.C. § 2255 (the "Section 2255 Motion") "in light of his request[] to recall [the] mandate."  (D.I. 68 at 7). This Court is without jurisdiction to recall the mandate issued by the Third Circuit, and Defendant's request to withdraw his Section 2255 Motion appears to be conditioned upon the recall of the mandate.  Further, Defendant expressed his wish that the

2

Court proceed with his Section 2255 Motion as filed when he
submitted his AEDPA Election Form. (D.I. 65). Accordingly, the
Court will deny Defendant's motion seeking to withdraw his
Section 2255 Motion.

## II. Defendant's Section 2255 Motion

By his Section 2255 Motion, Defendant challenges the
validity of certain sentencing enhancements he received in
connection with his leadership role in the bank fraud for which
he was convicted. Specifically, Defendant contends that the
Court erred in sentencing him based on conduct alleged in charges
that were dismissed or otherwise not admitted by Defendant or
proven to a jury beyond a reasonable doubt. In support of his
argument, Defendant cites Apprendi v. New Jersey, 530 U.S. 466
(2000).

In United States v. Booker, the United States Supreme Court
reaffirmed its holding in Apprendi that "[a]ny fact (other than a
prior conviction) which is necessary to support a sentence
exceeding the maximum authorized by the facts established by a
plea of guilty or a jury verdict must be admitted by the
defendant or proved to a jury beyond a reasonable doubt" and
concluded that Apprendi and its progeny apply to the United
States Sentencing Guidelines. 125 S. Ct. 738 (2005). The Third
Circuit has recently concluded that Booker does not apply
retroactively to cases on collateral review. Lloyd v. United

States, 407 F.3d 608 (3d Cir. 2005).

In this case, the Third Circuit affirmed Defendant's sentence on May 16, 2003.  Defendant did not file a petition for certiorari review with the Supreme Court, and therefore, Defendant's conviction became final ninety days later.  Kapral v. United States, 166 F.3d 565, 572 (3d Cir. 1999); 28 U.S.C. § 2101(c).  Because Defendant's conviction became final well before the Supreme Court issued its decision in Booker, and Booker does not apply retroactively to cases on collateral review, the Court will dismiss Defendant's Section 2255 Motion and deny the relief requested therein.  Because the Court will dismiss Defendant's Section 2255 Motion, the Court will also deny as moot Defendant's requests for bail pending resolution of his Section 2255 Motion.[1]

## III. Certificate of Appealability

The Court may issue a certificate of appealability only if Petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In this case, the Court has concluded that Defendant is not entitled to relief, and the Court is not convinced that reasonable jurists would

---

[1]     To the extent that Defendant's motion seeks bail pending the Third Circuit's resolution of his motion to recall the mandate, the Court also concludes that Defendant is not entitled to relief.  Extraordinary circumstances are required to justify the granting of bail, see e.g. Landano v. Rafferty, 970 F.2d 1230, 1238-1239 (3d Cir. 1992), and Defendant has not provided the Court with any reason why bail is justified in this case.

4

debate otherwise.  Because Defendant has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability.

### CONCLUSION

For the reasons discussed, the Court will dismiss Defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody (D.I. 62) and deny the relief requested therein.  The Court will also deny Defendant' Motion To Recall The Mandate (D.I. 68-1) And For A Request To Withdraw Motion Under 28 U.S.C. § 2255, In Light Of Blakely, (D.I. 68-2), and deny as moot his Motions For Bail (D.I. 68-3, 70-1).  The Government shall file a response to Defendant's Motion For Stay Of Deportation (D.I. 70-2) within ten (10) days of the Court's Order accompanying this Memorandum Opinion.

An appropriate Order will be entered.